IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DAVID ALLEN JEFFRIES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:15-CV-261 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY**

Petitioner DAVID ALLEN JEFFRIES has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. Jefferies's pleading challenges his conviction out of the 251st Judicial District Court of Potter County, Texas, for the felony offense of possession of a controlled substance with intent to deliver, in a drug-free zone, and the resultant 25-year sentence. For the reasons set forth below, the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

I.
PROCEDURAL HISTORY

On September 4, 2013, petitioner was charged by indictment in Cause No. 66,078-C with the offense of possession of a controlled substance with intent to deliver, in a drug-free zone. [ECF 7-4 at 73]. Petitioner waived his rights, pleaded guilty to the offense, and on July 7, 2014,

in accordance with the terms of a plea bargain agreement, the trial court sentenced him to a 25-year term of imprisonment. *See State v. Jeffries*, No. 66,078-C. [*Id*. at 74]. By his plea bargain, petitioner waived his right to appeal his conviction and sentence. [*Id*. at 69].

Petitioner sought collateral review of his Potter County conviction by filing a state habeas corpus petition and, on July 22, 2015, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order. *In re Jeffries*, No. 83,387-02. [ECF 7-3].

On August 20, 2015, petitioner deposited the instant federal habeas petition in the prison mail system and, on December 22, 2015, respondent filed her answer.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States because:

1. His trial counsel was ineffective for failing to file a motion to suppress drug evidence;

2. The drug evidence was obtained through an illegal search and seizure by police; and

3. His plea was involuntary.[1]

## III.
## STANDARD OF REVIEW

In her December 22, 2015 answer, respondent carefully and accurately briefed statutory and case law regarding both the applicable standards of review under 28 U.S.C. § 2254 proceedings and the law regarding waiver of claims. [ECF 14 at 3-9, 11-13]. The Court will not

---

[1] Petitioner did not raise this claim in his original habeas application, but included it in his reply to respondent's answer. Although this claim is most likely unexhausted and procedurally barred, the Court will address it to the extent it pertains to his other claims. [ECF 15 at 3].

repeat respondent's recitation regarding these standards of review, as they are well settled in habeas corpus law.

IV.
MERITS

A.
Voluntary Plea

As respondent has thoroughly and articulately discussed, the record reflects petitioner entered a knowing, intelligent and voluntary plea of guilty. [ECF 14 at 9-10]. Although petitioner has presented several conclusory allegations and arguments to the contrary to the Court,[2] he has failed to provide any actual evidence to demonstrate that his guilty plea was not knowing, intelligent and voluntary. Consequently, his third claim is without merit and should be denied.

B.
Waiver of Other Claims

Upon a knowing, intelligent and voluntary plea of guilty, a defendant waives all non-jurisdictional defects. [Respondent's Brief, ECF 14 at 11 (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).] Petitioner Jeffries argues (1) that counsel was ineffective for filing a motion to supress drug evidence and (2) the drug evidence was illegally obtained. As articulated by respondent,

> [A] defendant waives the right to challenge the effectiveness of counsel except as to alleged ineffectiveness relating to the voluntariness of a guilty plea. [Petitioner] Jeffries has not shown that counsel caused him to enter a plea of guilty without a full understanding of the nature of the charges against him or the consequences of his plea. Nor has [Petitioner] Jeffries shown that, but for trial counsel's failure to

---

[2] Petitioner wrote a letter to Senior District Judge Mary Lou Robinson, dated November 24, 2017, in which he "bring[s] attention to specific things" in his "exhibits" to the instant petition. The undersigned has reviewed this letter, which was referred by the Senior District Judge on November 29, 2017. [ECF 21]. This letter does not contain evidence to support petitioner's claims, but merely makes arguments and refers to "exhibits" in this case, which the undersigned has also considered.

> file a motion to suppress, he would not have pleaded guilty and would have proceeded to trial.
> …
> Furthermore, Jeffries's remaining complaint-that law enforcement officers obtained drug evidence in violation of his Fourth Amendment rights-is also non-jurisdictional and, as such, waived by his knowing, intelligent, and voluntary guilty plea.

[ECF 14 at 11-12](internal citations omitted).

Because of his voluntary plea of guilty, petitioner is now precluded from raising not only his ineffective assistance claim, but also his claim related to an alleged illegal search and seizure by the police. In other words, petitioner, by virtue of his plea, waived these non-jurisdictional claims. Thus, these two claims are meritless and should be denied.

## V.
## AEDPA Relitigation Bar

Finally, this Court recognizes the state habeas court considered petitioner's first two claims raised herein and denied relief.  In order to grant federal habeas corpus relief, a petitioner must demonstrate, and this Court must find, the state court determination of the facts was unreasonable in light of the evidence presented in the state court proceeding.  *See* 28 U.S.C. § 2254(d)(2).  Where applicable, the state court's findings of fact "are 'presumed to be correct' unless the habeas petitioner rebuts the presumption through 'clear and convincing evidence.'" *Nelson v. Quarterman*, 472 F.3d 287, 292 (5th Cir. 2006), *quoting* 28 U.S.C. § 2254(e)(1).  This presumption extends not only to express findings of fact, but to the implicit findings of the state court as well.  *See Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citations omitted). In determining whether the state court decision was unreasonable, this Court must be careful not to substitute its judgment for that of the state court.  In other words, a determination that the state court reached the wrong result or that the state court decision was incorrect, is insufficient.

Denial of relief based on a factual determination will not be overturned unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

Alternatively, in order to grant relief, a petitioner must demonstrate, and this Court must find, the state court decision resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1). The state court's application of the law must be "objectively unreasonable," not "merely erroneous" or "incorrect." *Cobb v. Thaler*, 682 F.3d 364 (5th Cir. 2012). The AEDPA standard is met only in cases where there is no possibility a fair-minded jurist could disagree that the state court's decision conflicts with Supreme Court precedent. *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011).

Petitioner has not met his burden in this regard; therefore, based on the record in the state habeas proceedings, there does appear to be a reasonable basis for the state court's decision in petitioner's case. The relitigation bar of section 2254(d) forecloses relief to petitioner in this federal habeas proceeding.

## VI.
## RECOMMENDATION

For the above reasons and the reasons set forth in respondent's August 4, 2015 Response [ECF 9], it is the RECOMMENDATION of the United States Magistrate Judge to the United States Senior District Judge that the petition for a writ of habeas corpus filed by petitioner DAVID ALLEN JEFFRIES be DENIED.

## VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED April 3, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).